UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

STEELE'S MARKET, INC.
EIN: 84-046892

    Debtor.

    Debtor.

PINNACOL ASSURANCE

    Movant,

vs.

STEELE'S MARKET, INC.

    Respondent.

Case No. 01-11323 SBB

M.C. No. MJ - 1

**FILED**
BRADFORD L. BOLTON, CLERK
JAN 11 2002
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

## CERTIFICATE OF NON-CONTESTED MATTER AND REQUEST FOR ENTRY OF ORDER

Pinnacol Assurance, Movant, has heretofore filed a motion or application pursuant to Local Bankruptcy Rule 202 or 401. Movant hereby represents and shows the Court:

1. Service of the motion/application was timely made on all interested parties pursuant to L.B.R. 913 as is shown on the affidavit of service previously filed with the motion/application, a copy of which is attached herewith.

2. Service of the notice was timely made on all creditors pursuant to L.B.R. 202(b) or 401(a)(3), whichever applies, (or in the manner permitted by an order of the Court, a copy of which is attached) as is shown on the affidavit of service previously filed with the notice, a copy of which is attached herewith.

3. (If this motion/application has been filed pursuant to L.B.R. 401) A hearing on said motion/application was scheduled for December 18, 2001 at 9:00 A.M., in Courtroom E, of the United States Bankruptcy Court located at 721 19th Street, Denver, Colorado 80202.

4. (If this motion/application has been filed pursuant to L.B.R. 401 in a Chapter 13 case) An order confirming the debtor's Chapter 13 plan has not been entered.

5. No objections to or requests for hearing on the motion/application were received by the undersigned.

WHEREFORE, Movant prays that the Court forthwith enter an order, a form of which is submitted herewith, granting the requested relief.

Dated this 7th day of January, 2002.

MACHOL & JOHANNES, P.C.

By: _____
James A. Kaplan, #7741
Attorneys for Movant
Dominion Plaza, Suite 850 South
600 17th Street
Denver, Colorado 80203
(303) 830-0075
FAX (303) 893-2657

**Court Use Only:** The undersigned deputy clerk certifies that on the date inscribed below, a check of the electronic entries on record in this matter confirms that no objections to or requests for hearing on this motion have been entered.

Dated: _____  _____
                                  Deputy Clerk

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Case No. 01-11323 SBB |
| STEELE'S MARKET, INC. | ) |
| EIN: 84-046892 | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| PINNACOL ASSURANCE | ) |
| | ) |
| Movant, | ) M.C. No. MJ - 1 |
| | ) |
| vs. | ) |
| | ) |
| STEELE'S MARKET, INC. and | ) |
| JEFFREY A. WEINMAN, | ) |
| CHAPTER 7 TRUSTEE | ) |
| | ) |
| Respondents. | ) |

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

Pinnacol Assurance (Pinnacol), by its attorneys, Machol & Johannes, P.C., pursuant to 11 U.S.C. 362(d)(1), hereby moves this Court for relief from the automatic stay, and as grounds therefor states as follows:

1. The Debtor, Steele's Market, Inc., filed a Petition under Chapter 11 of the Bankruptcy Code, invoking the automatic stay provisions of 11 U.S.C. 362(a) on February 8, 2001.

2. Pinnacol issued Worker's Compensation Insurance Policy No. 4010591 to the Debtor (the Policy), on April 30, 1998.

3. The Debtor is in default under the terms of the Policy by failing to make the payments of premiums as required by the Policy, including pre-petition premiums of $14,133.00 and post-petition premiums of $62,425.37. A copy of the Policy Transaction Report, showing the unpaid premiums on the Policy, is attached hereto as Exhibit 1.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF COLORADO

# Notice of End of Electronic Document

NOTICE IS HEREBY GIVEN that the preceding exhibit, attachment, or supporting document contains additional pages that have not been scanned or otherwise converted to an electronic format. These additional pages do not appear as a continuation of this document. Pursuant to the Administrative Procedures for Electronic Case Files promulgated by the Court in General Procedure Order 2002-1, these additional pages may not be retained in the electronic case records.

To view the additional pages in this document, please see the paper case file record.

FOR THE COURT

Bradford L. Bolton, Clerk